# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LARRY KLAYMAN, | Civil Action No. 22-_____ |
| Plaintiff, | *Removed from:* |
| v. | THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA |
| JULIA PORTER, HAMILTON FOX, III, MATTHEW KAISER, | |
| Defendants. | CASE NO. 50-2022- CA002797XXXXMB |

## NOTICE OF REMOVAL OF STATE ACTION

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Julia Porter, Hamilton Fox, III, and Matthew Kaiser ("Defendants") hereby remove this civil action, pending as 50-2022-CA002797XXXXMB-DIV: AE in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court Action"), to the United States District Court for the Southern District of Florida, based upon diversity of citizenship and the amount in controversy exceeding $75,000.

## BACKGROUND

This is the eighth lawsuit Plaintiff Larry Klayman (the "Plaintiff") has filed against the substantially same set of defendants on nearly identical claims, seeking to collaterally attack ongoing disciplinary proceedings by the Office of Disciplinary Counsel of the District of Columbia Bar involving Plaintiff's practice of law in the District of Columbia.[1] Compl. ¶¶ 43–53.

---

[1] The count of eight nearly identical lawsuits by Plaintiff does not include yet another substantially similar complaint he filed on December 6, 2021, in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. After Defendants removed that action to

1

On December 6, 2021, Plaintiff filed an action in this Court against officials of the District of Columbia Office of Bar Disciplinary Counsel ("ODC") (Ms. Porter and Mr. Fox) and the District of Columbia Board on Professional Responsibility (Mr. Kaiser). *See Klayman v. Porter*, Case No. 50-2021- CA013239XXXXMB (Fla. 15th Jud. Cir., Dec. 6, 2021) (attached hereto as Ex. 1). On January 3, 2022, Defendants removed that case to the Southern District of Florida, based on federal question jurisdiction over Plaintiff's claim that Defendants allegedly violated 42 U.S.C. § 1492 and diversity jurisdiction. Defendants also moved to transfer this action to the United States District Court for the District of Columbia where related actions are pending. *See* Notice of Removal of State Action, *Klayman v. Porter*, No. 9:22-cv-80003 (S.D. Fla. Jan. 3, 2022), ECF No. 1; Defs.' Mot. to Transfer and Notice of Pending, Refiled, Related, or Similar Actions, *Klayman v. Porter*, No. 9:22-cv-80003-KAM (S.D. Fla. Jan. 3, 2022), ECF No. 8. Evidently hoping to escape federal court and return to his preferred state court forum, Plaintiff filed a Motion for a Rule 41 Dismissal Without Prejudice on January 6, 2022. *See* Pl.'s Notice of Voluntary Dismissal, *Klayman v. Porter*, No. 9:22-cv-80003-KAM (S.D. Fla. Jan. 6, 2022), ECF No. 8.

That same day, in another tactic to deny the Defendants a federal forum, Plaintiff filed a new action in the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida against the

---

federal court on diversity and federal question grounds, Plaintiff filed a Motion for a Rule 41 Dismissal Without Prejudice and then refiled the instant Complaint that same day. *See* Pl. Notice of Voluntary Dismissal, *Klayman v. Porter*, No. 9:22-cv-80003-KAM (S.D. Fla. Jan. 6, 2022), ECF No. 8; *see also Klayman v. Porter*, Case No. 50-2022- CA000122XXXXMB (Fla. 15th Jud. Cir., Jan. 6, 2022); *Klayman v. Kaiser*, No. 1:21-cv-00965 (N.D. Cal. Dec. 30, 2020); *Klayman v. Porter*, No. 1:20-cv-03109 (W.D. Tex. Oct. 2, 2020); *Klayman v. Porter*, No. 1:20-cv-03579 (N.D. Tex. Aug 26, 2020); *Klayman v. Fox*, No. 18-1579 (RDM), 2019 WL 2396538, *4–5 (D.D.C. June 5, 2019), *aff'd*, *Klayman v. Lim*, Nos. 19-7099, 19-7100, 2020 WL 6038713 (D.C. Cir. Oct. 6, 2020); *Klayman v. Lim*, No. 18-2209 (RDM), No. 2019 WL 2396539 (D.D.C. June 5, 2019), *aff'd*, *Klayman v. Lim*, Nos. 19-7099, 19-7100, 2020 WL 6038713 (D.C. Cir. Oct. 6, 2020); slip op., *Klayman v. Porter*, No. 2020 CA 000756 B (D.C. Super. Ct. Oct. 1 2020).

same officials (Ms. Porter, Mr. Fox, and Mr. Kaiser). *Klayman v. Porter*, Case No. 50-2022-CA000122XXXXMB (Fla. 15th Jud. Cir., Jan. 6, 2022) (attached hereto as Ex. 2).

That complaint is substantively identical to the December 6, 2021 complaint. The only alteration was that Plaintiff removed his cause of action under 42 U.S.C. § 1983 and replaced it with a cause of action for a violation of the Florida Constitution Section IX.

On February 17, 2022, Defendants removed that case to this Court, based on diversity jurisdiction, and moved to transfer it to the United States District Court for the District of Columbia where related actions are pending. *See Klayman v. Porter*, No. 1:20-cv-03109 (W.D. Tex. Oct. 2, 2020); *Klayman v. Kaiser*, No. 1:21-cv-00965 (N.D. Cal. Dec. 30, 2020); *Klayman v. Porter*, No. 1:20-cv-03579 (N.D. Tex. Aug 26, 2020). Plaintiff moved for remand and for sanctions, arguing that this Court lacked diversity jurisdiction because Plaintiff was not seeking damages in excess of $74,999.99. Mot. to Remand and for Sanctions, *Klayman v. Porter*, No. 9:22-cv-80270 (S.D. Fla. Feb. 23, 2022). Plaintiff further argued that his six prior federal lawsuits challenging D.C. Bar proceedings and seeking in excess of $75,000 have no bearing on the present case. *Id.*

On March 25, 2022, this Court denied Plaintiff's motion, finding that "it is readily apparent to the Court that Plaintiff has engaged in bad faith and gamesmanship for the purpose of avoiding federal jurisdiction." Order at 2, *Klayman v. Porter*, No. 22-cv-80270 (S.D. Fla. Mar. 25, 2022) (Ex. 11). The Court concluded that it was "common sense" that the actual amount in controversy satisfied the requirements for diversity jurisdiction, denied Plaintiff's motion for sanctions, and transferred the action to the U.S. District Court for the District of Columbia. *Id.* Plaintiff moved for reconsideration on March 25, 2022. Mot. for Reconsideration, *Klayman v. Porter,* No. 22-cv-80270 (S.D. Fla. Mar. 25, 2022). The Court, "unpersuaded that Plaintiff is acting in good faith," denied the motion on March 29, 2022. Order at 1, *Klayman v. Porter,* No. 22-cv-80270 (S.D. Fla.

Mar. 29, 2022) (Ex. 3) (noting Plaintiff's "judge shopping"). On March 29, 2022, Plaintiff appealed the Court's denial of remand and sanctions and its order of transfer, and the case is before the United States Court of Appeals for the Eleventh Circuit. Notice of Appeal, *Klayman v. Porter*, No. 22-cv-80270 (S.D. Fla. Mar. 29, 2022); *Klayman v. Porter*, No. 22-10981-AA (11th Cir. Mar. 29, 2022).

The same day Plaintiff filed his motion for reconsideration, March 25, 2022, he filed the instant complaint in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

This is Plaintiff's third action in the same Florida state court in less than four months. A quick review shows that it is nothing more than a copy-and-paste of Plaintiff's January 6, 2022 action. *See* Compl., Cause of Action. In Plaintiff's apparent haste to file another complaint against Defendants in Florida state court, he failed to change the headings of each count, such that the complaint jumps from the "First" Cause of Action (citing Florida Constitution Section IV – the Third Cause of Action in Plaintiff's January 6 complaint) to the "Fourth" Cause of Action (citing Florida Constitution Section IX – the Fourth Cause of Action in Plaintiff's January 6 complaint), without asserting any "second" or "third" cause of action. The only alterations in the instant Complaint are that Plaintiff requests injunctive relief and removed his abuse of process and tortious interference causes of action. On April 5, 2022, Ms. Porter and Mr. Fox were each purportedly served with a copy of the Complaint. *See* Exhibits 7 and 8. Mr. Kaiser was served on April 6, 2022. *See* Exhibit 9.

In accordance with 28 U.S.C. § 1446(b), Defendants timely file this Notice of Removal within 30 days of the date on which they were served with the Complaint. The Defendants unanimously join in and consent to this Notice of Removal.

## GROUNDS FOR REMOVAL

This Court has original jurisdiction under 28 U.S.C. § 1332, and therefore, this action is removable to this Court under diversity jurisdiction. Plaintiff is a citizen of Florida and is completely diverse from Defendants. Defendant Porter is a citizen of the Commonwealth of Virginia, Defendant Fox is a citizen of the District of Columbia, and Defendant Kaiser is a citizen of the State of Maryland. Compl. ¶¶ 3–6.

The amount in controversy exceeds $75,000.00. Plaintiff's attempt to thwart Defendants' right to remove this action to federal court by asserting that he "is not claiming damages" and is seeking "injunctive relief only," is without merit. *Id.* ¶ 2, V (prayer for relief). "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000); *see also Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (amount in controversy in an action for declaratory relief is "the value of the right to be protected or the extent of the injury to be prevented").

The subject of this action, like Plaintiff's prior actions against Defendants, is Plaintiff's legal practice. *See, e.g.*, Compl. ¶¶ 7–16. Plaintiff contends that the Defendants are engaged in "a crusade to have [him] removed from the practice of law," to "financially ruin him," and to "destroy[] his legal practice and other professional endeavors and he and his family's financial well-being." Compl. at ¶¶ 8, 9, 12. He claims that Defendants are attempting to "have him removed from the practice of law in the District of Columbia, and then publicizing this to the media in Florida and elsewhere throughout the United States to ruin his reputation and harm him." Compl. at ¶ 12. The complaints in the prior actions demonstrate that Plaintiff values his legal practice as worth "in excess of $75,000." Compl., *Klayman v. Kaiser*, No. 20-cv-09490 VII(a)

(prayer for relief) (N.D. Cal. Dec. 31, 2020) (Ex. 4); Compl., *Klayman v. Porter*, No. 20-cv-2526 VII(a) (prayer for relief) (N.D. Tex. Aug. 26, 2020) (Ex. 5); Compl., *Klayman v. Porter*, et al., C.A. No. 1:20-cv-1014 VII(a) (prayer for relief) (W.D. Tex. Oct. 2, 2020) (Ex. 6);[2] Order, *Klayman v. Porter*, No. 22-cv-80270 (S.D. Fla. Mar. 25, 2022) (finding it was "common sense" that the true amount in controversy satisfied the requirements for diversity jurisdiction).

Each of those prior actions involves substantially the same parties, facts and law as this case. Those actions and this action are all premised upon the same District of Columbia Bar disciplinary proceedings concerning Plaintiff, and Plaintiff claims tortious interference and abuse of process in each. *Id.* In the prior cases, Plaintiff uniformly seeks damages "in excess of $75,000." This Court has already determined that Plaintiff's claim for injunctive relief does not defeat diversity jurisdiction. In Plaintiff's January 6, 2022 complaint against Defendants – which asserts the following claims of relief: (1) tortious interference, (2) abuse of process, (3) violation of the Florida Constitution Section IV, and (4) violation of the Florida Constitution Section IX – Plaintiff claimed that his complaint was "primarily being brought for injunctive relief." Pl. Mot. to Remand and for Sanctions at 1, *Klayman v. Porter*, Case No. 9:22-cv-80270-AHS (S.D. Fla. Feb. 23, 2022). This Court, however, found that the amount-in-controversy requirement was satisfied, explaining:

> Plaintiff has previously filed six very similar actions to the present one, each one seeking in excess of $75,000. Moreover, Plaintiff filed an almost identical complaint in Florida state court (which was removed to federal court), voluntarily dismissed the complaint, and then refiled the present Complaint alleging an amount-in-controversy just below the jurisdictional threshold. Therefore, applying this Court's judicial experience and common sense, it is apparent the true amount-in-controversy exceeds the jurisdictional threshold.

---

[2] Both cases were subsequently transferred to the U.S. District Court for the District of Columbia. Transfer Order, *Klayman v. Porter*, No. 20-cv-2526 (N.D. Tex. Dec. 7, 2020); Transfer Order, *Klayman v. Kaiser*, No. 20-cv-09490 (N.D. Cal. Feb. 22, 2021).

Order at 3–4, *Klayman v. Porter*, Case No. 9:22-cv-80270-AHS (S.D. Fla. Mar. 25, 2022).

Plaintiff has made plain that he wants to have this case heard in a Florida state court rather than a federal court, even though his claims concern actions taken in the District of Columbia by officials of the Office of the Disciplinary Counsel of the District of Columbia Bar. However, the federal courts do not condone Plaintiff's procedural gamesmanship in trying to evade federal jurisdiction by manipulating the amount of claimed damages, as this Court explained a month ago. Order at 3, *Klayman v. Porter*, No. 22-cv-80270 (S.D. Fla. Mar. 25, 2022). Because Defendants have shown that the amount in controversy exceeds the jurisdictional amount, removal is proper. *See id.*

Like in the last Florida state court action Plaintiff filed against Defendants where he attempted to plead damages below the jurisdictional amount, Plaintiff here has blatantly engaged in "abusive manipulation" of the procedural rules by removing all monetary damages in effort to evade federal removal jurisdiction. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 180. "Such manipulation is surely characterized as bad faith." *Id.; see also Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985) (tactical manipulation of procedural rule by the plaintiff to defeat jurisdiction cannot be condoned). This Court found as much in denying Plaintiff's motion to remand his last Florida state court action. Order 3–4, *Klayman v. Porter*, Case No. 9:22-cv-80270-AHS (S.D. Fla. Mar. 25, 2022).

Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Southern District of Florida because it is in the district and division embracing the place where the State Court Action is pending. As required by 28 U.S.C. § 1446(a) and S.D. Fla. Local Rule 7.2, copies of all process, pleadings, orders, and other papers filed in the state court are attached to this Notice as Exhibit 10. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of

this Notice of Removal with the Clerk of the Fifteenth Judicial Circuit, and will give written notice thereof to all adverse parties, to effect the removal of this civil action.  *See* 28 U.S.C. § 1446(d).

By filing this Notice of Removal, Defendants do not waive, either expressly or implicitly, their rights to assert any defense that they could have asserted in the State Court Action.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this action be removed to the United States District Court for the Southern District of Florida.

Dated: April 25, 2022              Respectfully submitted,

/s/ *Brian Rafkin*
Brian Rafkin (Florida Bar No. 59422)
AKIN GUMP STRAUSS HAUER & FELD
2001 K Street, NW
Washington, DC 20006
brafkin@akingump.com

*Attorney for Defendants Julia Porter, Hamilton Fox, III, and Matthew Kaiser*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 25, 2022, a true and correct copy of the foregoing was served via email and U.S. Mail, postage prepaid to *pro se* Plaintiff Larry Klayman:

Larry Klayman
7050 W. Palmetto Park Road
Boca Raton, FL 33433
leklayman@gmail.com

                                                  /s/ *Brian Rafkin*
                                                  Brian Rafkin