# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LARRY KLAYMAN<br><br>                    Plaintiff,<br><br>v.<br><br>JULIA PORTER et al,<br><br>                    Defendants. | Case Number: 9:22-cv-80642-AHS |

## NOTICE OF CONFLICT OF INTEREST

This is to advise the Court that a Complaint before the Judicial Council of the U.S. Court of Appeals for the Eleventh Circuit is pending concerning this Court. Should this Court decide inappropriately proceed at this time, attached is a brief, incorporated herein by reference, recently filed at the U.S. Court of Appeals for the Eleventh Circuit which shows why this is both factually and legally inappropriate.

Dated: May 16, 2022

                                            Respectfully submitted,

                                            /s/ Larry Klayman

                                            Larry Klayman, Esq.
                                            7050 W. Palmetto Park Road
                                            Boca Raton, FL  33433
                                            Tel.: 561-558-5536
                                            Email: leklayman@gmail.com

                                            *Pro Se*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on May 16, 2022.

*/s/ Larry Klayman*

**ORAL ARGUMENT REQUESTED**

**CASE NO. 22-10981**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

---

LARRY KLAYMAN

Plaintiff-Appellant,

v.

JULIA PORTER, et al

Defendants-Appellees.

---

APPEAL FROM AN ORDER
OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

---

**APPELLANT'S INITIAL BRIEF**

---

Larry Klayman, Esq.
Klayman Law Group, P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5336
leklayman@gmail.com

*Appellant Pro Se*

**Dated**: May 6, 2022

# CERTIFICATE OF INTERESTED PERSONS

Undersigned counsel certifies that the following persons may have an interest in this case:

1. Larry Klayman – Plaintiff/Appellant

2. Julia Porter– Defendant/Appellee

3. Hamilton Fox – Defendant/Appellee

4. Matthew Kaiser – Defendant/Appellee

5. Lide E. Paterno. – Counsel for Defendants/Appellees

6. Brian E. Rafkin – Counsel for Defendants/Appellees

7. Hon. Raag Singhal – Judge in District Court Proceedings

# ORAL ARGUMENT STATEMENT

Appellant Larry Klayman respectfully requests oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(1) and Rule 28-1(c) of the Eleventh Circuit Rules.

## **TABLE OF CONTENTS**

JURISDICTIONAL STATEMENT ........................................................................1
STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................1
STATEMENT OF THE CASE ................................................................................1
SUMMARY OF THE ARGUMENT ......................................................................4
STANDARD OF REVIEW .....................................................................................4
ARGUMENT ..........................................................................................................4
    THE DISTRICT COURT LACKED SUBJECT MATTER JURISDICTION
    AND THEREFORE ERRED IN REFUSING TO REMAND THIS CASE ..4
    THE DISTRICT COURT'S REFUSAL TO REMAND THIS CASE
    CREATES DISASTEROUS PRECEDENT .....................................................8
    THE DISTRICT COURT LACKED JURISDICTION SO ITS ORDER
    TRANSFERRING THIS CASE WAS INAPPROPRIATE............................9
CONCLUSION ......................................................................................................12

## **Table of Authorities**

**Cases**

*In Matter of Kevin E. Clinesmith*, 21-BG-018 (D.C. App.) ....................................11

*Prophet v. Int'l Lifestyles, Inc.*, 447 F. App'x 121, 125 (11th Cir. 2011) ................12

*Tobinick v. Novella*, 848 F.3d 935 (11th Cir. 2017) ..................................................4

*Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325 (11th Cir. 1998) ..............................5, 9

**Statutes**

28 U.S.C. § 1332 ................................................................................................2, 4

## JURISDICTIONAL STATEMENT

The U.S. District Court for the Southern District of Florida's ("District Court") lacked subject-matter jurisdiction to make any rulings in this case, which is the basis for this appeal.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. Did the District Court err by denying Appellant's Motion to Remand and for Sanctions? ECF No. 16.

2. Did the District Court err by granting the Appellees' Motion to Transfer? ECF No. 15.

## STATEMENT OF THE CASE

Appellant Larry Klayman ("Mr. Klayman") filed suit against Appellees Julia Porter ("Porter"), Hamilton Fox, III ("Fox") and Matthew Kaiser ("Kaiser"), all members of the District of Columbia attorney disciplinary apparatus, for continued violations of his rights under the Florida Constitution. ECF No. 1-2. Crucially, in Mr. Klayman's Complaint, which was filed in the Fifteenth Judicial Circuit in and For Palm Beach County, Florida ("Fifteenth Judicial Circuit"), he expressly pled:

> "**[u]nder no circumstances does Mr. Klayman seek more than $75,000 in total damages and costs from this case, as this case is primarily being brought for injunctive relief**." (emphasis added). ECF No. 1-2 at Section V.

Despite the total lack of any ambiguity here, the Appellees and their counsel illegally, unethically, and improperly removed this action to the U.S. District Court

1

for the Southern District of Florida, purportedly under 28 U.S.C. § 1332 (Diversity of Citizenship), despite having absolutely no basis to do so. ECF No. 1. This is because, again, the amount in controversy does not exceed $75,000.

Once removed, this case was assigned to the Honorable Raag Singhal ("Judge Singhal"). Mr. Klayman filed a Motion For Remand and For Sanctions, where he set forth the completely baseless, illegal, and unethical removal by the Appellees. ECF No. 8. Judge Singhal even initially granted Mr. Klayman's Motion For Remand because the Appellees had failed to oppose Mr. Klayman's motion, ECF No. 11, but then strangely reversed course and subsequently denied remand and granted the Appellees' motion to transfer this case to the U.S. District Court for the District of Columbia. ECF No. 15, 16.

Incredibly, Judge Singhal, a recent appointee to the federal court, disparagingly wrote that "it is readily apparent to the Court that Plaintiff has engaged in bad faith and gamesmanship for the purpose of avoiding federal jurisdiction." ECF No. 16 at 3. This echoes, adopts, and furthers the fraudulent arguments of the Appellees. In fact, however, it is not Mr. Klayman who has engaged in "bad faith and gamesmanship," but rather the Appellees who are transparently forum shopping for what they perceive is a favorable venue to litigate this case. Appellees' clear goal has been to have this case transferred to the District of Columbia courts, which they know will simply "circle the wagons," and protect

2

them since they are favored members of the D.C. attorney disciplinary apparatus, to whom the rule of law and ethics do not apply in the District of Columbia courts as they believe they have "absolute immunity" improperly granted to them, without legislative fiat, by the District of Columbia Court of Appeals. Thus, Appellees know that by simply obtaining removal and transfer, they can in fact end this case without even having to litigate it. This is textbook bad faith and gamesmanship. All Mr. Klayman did was file a complaint in the Fifteenth Judicial Circuit, as he was well within his rights to do.

As further evidence of the Appellees and their counsel's complete and total bad faith and disregard for the law, Mr. Klayman, in an attempt to moot out any and all possible ambiguity – however contrived in the first place -- filed a new Complaint seeking only equitable and injunctive relief and asking for zero (0) in monetary damages. *Klayman v. Porter et al*, 50-2022-CA-002797-XXXX-MB (15th Jud. Cir. Fla.). Yet despite this, the Appellees again sought to remove this new Complaint on the basis of alleged diversity jurisdiction. Then, predictably, Appellees moved to transfer that case to Judge Singhal, who they clearly view as a favorable adjudicator. This is blatant forum shopping and bad faith.

Appellees clearly view themselves as above the law, likely because they have been treated as such by the D.C. Courts, where they have given themselves absolute immunity to do whatever they want. This is why they are so desperate to

3

have this case transferred to the District of Columbia. It is therefore imperative that this Court step in and act, because Appellees are actually not above the law. They must obey the same rules and laws as everyone else. They have skirted the rules and ethical provisions for too long. They must be held to account and this honorable Court must reverse Judge Singhal's ruling as it creates bad and dangerous precedent going far beyond the instant case.

## SUMMARY OF THE ARGUMENT

The District Court fundamentally erred by denying Mr. Klayman's Motion for Remand and for Sanctions and subsequently transferring this case to the District of Columbia.

## STANDARD OF REVIEW

"We review de novo 'the district court's interpretation and application of a statute.'" *Tobinick v. Novella*, 848 F.3d 935, 943 (11th Cir. 2017). As the issue of subject matter jurisdiction is based on 28 U.S.C. § 1332, the Court must review Judge Singhal's orders *de novo*.

## ARGUMENT

**I.  THE DISTRICT COURT LACKED SUBJECT MATTER JURISDICTION AND THEREFORE ERRED IN REFUSING TO REMAND THIS CASE**

It is indisputable that in Mr. Klayman's Complaint, which was filed in the Fifteenth Judicial Circuit in and For Palm Beach County, Florida ("Fifteenth Judicial Circuit"), he expressly pled:

> **"[u]nder no circumstances does Mr. Klayman seek more than $75,000 in total damages and costs from this case, as this case is primarily being brought for injunctive relief**." (emphasis added). ECF No. 1-2 at Section V.

Thus, on its face, removal was completely improper. "In reviewing matters concerning removal and remand, our predecessor Court has noted that 'it is axiomatic that ambiguities are generally construed against removal.'" *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). Here, there is not even any ambiguity, as allegations in the Complaint make it clear that the jurisdictional threshold has not been met. Thus, the inquiry must end here, and Judge Singhal's orders must be reversed and this case remanded to the Fifteenth Judicial Circuit.

Even more, assuming *arguendo*, that there was an "ambiguity," Judge Singhal still egregiously erred by failing to remand this case, particularly since "ambiguities are generally construed against removal." *Id*. The sole basis for the District Court's finding that the amount in controversy exceeded the $75,000 jurisdictional threshold was the fact that Mr. Klayman had sued the Appellees in the past in different cases where he had on some occasions, sought damages in excess of $75,000.00. However, it is clear that these prior actions should have had no bearing on this current action as they are irrelevant. This current action is based

on a different set of facts, and Mr. Klayman has expressly pled that this current action "**is primarily being brought for injunctive relief**." (emphasis added). ECF No. 1-2, Section V. Thus, it is an entirely different type of action than Plaintiff's prior actions, which were brought primarily for damages. It appears that the District Court simply took the Appellees' word that this instant action was substantially similar to prior actions, without actually confirming and/or verifying. If it had actually done so, there is no way that the District Court could have reached this fatally flawed conclusion. Below is a summary of the prior actions between the parties, which Appellees present as evidence that the jurisdictional threshold is met:

(1) *Klayman v. Kaiser et al*, 20-cv-9490 (N.D. Cal.): This case was brought against Matthew Kaiser, Julia Porter, Hamilton Fox, III, Lawrence Bloom, and H. Clay Smith, III because the Defendants engaged in illegal and improper *ex parte* communications with the U.S. Court of Appeals for the Ninth Circuit in order to tortiously interfere with his ability to practice law in that Court. Thus, Mr. Klayman was seeking to recover for the specific monetary loss caused by the Defendants' tortious interference.

(2) *Klayman v. Porter et al*, 20-cv-2526 (N.D. Tex.): This case was brought against Julia Porter, Hamilton Fox, III, and Lawrence Bloom because the Defendants engaged in illegal and improper *ex parte* communications with the U.S.

District Court for the Northern District of Texas in order to tortiously interfere with his ability to practice law in that Court. Thus, Mr. Klayman was seeking to recover for the specific monetary loss caused by the Defendants' tortious interference. Kaiser is not even a party to this case.

(3) *Klayman v. Porter et al*, 20-cv-1014 (W.D. Tex.): This case was brought against Julia Porter, Hamilton Fox, III, and Lawrence Bloom because the Defendants engaged in illegal and improper *ex parte* communications with the U.S. District Court for the Western District of Texas in order to tortiously interfere with his ability to practice law in that Court. Thus, Mr. Klayman was seeking to recover for the specific monetary loss caused by the Defendants' tortious interference. Again, Kaiser is not even a party to this case.

It is clear that the facts in this instant case are much different. For starters, this case is not seeking monetary recovery for illegal and improper *ex parte* communications by the Appellees. This case sets forth the Appellees' ongoing pattern and practice of continuing to pile on meritless investigation and complaint after meritless investigation and complaint in order to financially ruin Mr. Klayman, and to have him expend considerable amounts of time defending himself and therefore silence his conservative/libertarian private and public interest advocacy, the right to which is guaranteed to Mr. Klayman and his clients under

Section IV of the Florida Constitution. ECF No. 1-2 at ¶ 9. The relief sought in this Complaint is primarily:

> For temporary and permanent injunctive relief barring Defendants from continuing their unethical, illegal and unconstitutional harassment and conduct, aimed to bankrupt him and significantly curtail and ultimately silence Mr. Klayman's private and public interest advocacy, as guaranteed by Section IV and IX of the Florida Constitution. ECF No. 1-2 at Section V.

Thus, this instant Complaint is drastically and radically different from prior cases, and as such, prior cases can serve as zero evidence that this instant case exceeds the jurisdictional threshold. Again, this is doubly true where Mr. Klayman has explicitly pled, "**Under no circumstances does Mr. Klayman seek more than $75,000 in total damages and costs from this case, as this case is being primarily being brought for injunctive relief**." ECF No. 1-2 at Section V.

Accordingly, the District Court had absolutely no basis to refuse to remand this case to the Fifteenth Judicial Circuit, and as such, its order in this regard must be reversed.

## II. THE DISTRICT COURT'S REFUSAL TO REMAND THIS CASE CREATES DISASTEROUS PRECEDENT

Judge Singhal's orders, if allowed to stand, do far more damage than merely cutting off Mr. Klayman's rights. What he has done is opened an avenue for any defendant who does not wish to be in state court to simply fabricate some allegations of potential damages and then be allowed to remove the case to federal

court. This completely undercuts the purpose of a state court vs. federal court system and their respective jurisdictions.

There has to be some level of certainty as to the computation of damages before removal is proper, because allegations can always be made, no matter how unsubstantiated or frivolous. Without imposing a level of certainty as to the jurisdictional threshold, defendants are essentially given free rein to choose their forum. This undercuts the direction of this Court that "it is axiomatic that ambiguities are generally construed against removal." *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). There must be a level of deference to the forum chosen by the Plaintiff in any case. Judge Singhal cannot be allowed to set this disastrous precedent otherwise.

### III. THE DISTRICT COURT LACKED JURISDICTION SO ITS ORDER TRANSFERRING THIS CASE WAS INAPPROPRIATE

As set forth above, the District Court lacked subject matter jurisdiction over this case, so it had no authority to transfer this case to the District of Columbia. Thus, the only correct forum for this case to proceed is in the Fifteenth Judicial Circuit. Appellees are fearful of having the case litigated in Florida, where Mr. Klayman has been and continues to be a member in good standing for nearly 45 years, since he was sworn into The Florida Supreme Court on December 7, 1977.

The D.C. Bar Disciplinary apparatus has become compromised and politicized and it's officials are not entitled to unbridled absolute immunity,

particularly when they unconstitutionally in their individual capacity set out to destroy public interest advocates and others that they despise ideologically, but favor those on the left side of the ideological divide, as has occurred in the last years with ethics proceedings concerning Trump White House Counselor Kellyanne Conway, former Attorney General Bill Barr, former Deputy Attorney General, former U.S. Attorney and New York City Mayor Rudy Giuliani, Senators Ted Cruz and Josh Hawley, to name just a few of their Republican and conservative targets[1] like Mr. Klayman.

And now, the facts the leftist D.C. disciplinary apparatus's actions surrounding the Appellees' refusal to enforce its own rules on Kevin Clinesmith—a Democrat and leftist former senior FBI lawyer who falsified a surveillance document in the Trump-Russia investigation and who pled guilty to felony charges—have been revealed.[2] Even though it is customary to seek disbarment for lawyers who are convicted of serious crimes, Appellees did not even initiate

---

[1] https://www.washingtonpost.com/politics/law-professors-file-misconduct-complaint-against-kellyanne-conway/2017/02/23/442b02c8-f9e3-11e6-bf01-d47f8cf9b643_story.html https://thehill.com/regulation/court-battles/508489-more-than-two-dozen-dc-bar-members-urge-disciplinary-probe-of-ag
https://www.texasstandard.org/stories/lawyers-law-students-officially-file-grievances-seeking-to-disbar-senator-ted-cruz/
https://thehill.com/homenews/state-watch/534783-attorneys-urge-missouri-supreme-court-to-probe-hawleys-actions
[2] https://www.realclearinvestigations.com/articles/2021/12/16/dc_bar_lets_convicted_fbi_russiagate_lawyer_back_in_good_standing_as_court_cuts_him_more_slack_807964.html

disciplinary proceedings and temporarily suspend him until <u>five months</u> after Clinesmith pled guilty, and only after their inaction was uncovered and subjected to negative publicity. It is clear that Appellees intended to simply sweep this under the rug until their duplicitous practice of selective prosecution was uncovered and revealed further. Then, even more incredibly, Clinesmith was reinstated as a member of the bar in good standing after the District of Columbia Court of Appeals agreed with Appellees' recommendation to let Clinesmith off with time served after just seven (7) months. Records show that Appellees did not even check with Clinesmith's probation officer to see if he had violated terms or completed his community service requirement. Appellees also did not seem to care that Clinesmith did not report his felony guilty plea to the bar within 10 days, as required by the rules, and instead failed to do so for five (5) months. Despite all of this, Clinesmith was allowed to negotiate his practically non-existent sanction with the Appellees. The reason for this preferential treatment? Clinesmith's fraud was committed in order to destroy President Trump, and Clinesmith has himself publicly made virulent anti-Trump political messages. *In Matter of Kevin E. Clinesmith,* 21-BG-018 (D.C. App.). In stark contrast, an apparently non-partisan ethical bar association which apparently dealt with facts and not political favors—the Michigan Bar—promptly automatically suspended Clinesmith on the day he

pled guilty of a felony and suspended him for two years. This is what non-partisan professional behavior looks like.

Ultimately, Appellees will have an opportunity to move to dismiss this case, however non-meritorious it's anticipated motion will be, after it is transferred back to the Fifteenth Judicial Circuit. Thus, no prejudice will result to them by having to litigate in Florida state court, where Appellant has a presumptive right to choose his forum to obtain justice. "This Court and the district court are bound by precedent requiring that "[a] plaintiff's choice of forum is entitled to deference, and there is a presumption in favor of a plaintiff's choice of forum, particularly where the plaintiffs are citizens of the United States." *Prophet v. Int'l Lifestyles, Inc.*, 447 F. App'x 121, 125 (11th Cir. 2011).

And, finally this appeal is not just about Mr. Klayman and compromised if not corrupt D.C. Bar disciplinary officials who violated his constitutional rights, but all litigants who could be subjected to unethical removals to federal court based on false facts and rogue federal judicial oversight, such as occurred with Judge Singhal.[3]

## **CONCLUSION**

The District Court fundamentally erred by refusing to remand this case to the Fifteenth Judicial Circuit, despite there being absolutely no basis for it to

---

[3] Mr. Klayman has requested a Judicial Council investigation in this regard.

exercise subject matter jurisdiction over this case, while at the same time making disparaging Appellant. Thus, the District Court must be reversed, and this matter transferred back to the Fifteenth Judicial Circuit so that this case is not delayed any further by the illegal and unethical conduct of the Appellees and their counsel. Otherwise, this honorable Court will have allowed to stand extremely harmful precedent far beyond this case; precedent that will be cited by other unethical litigants and their counsel in other contexts.

Dated: May 6, 2022                           Respectfully Submitted,

/s/ Larry Klayman

Larry Klayman, Esq.
Klayman Law Group, P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5336
leklayman@gmail.com

*Appellant Pro Se*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B)(i) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) this document contains 2,798 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 15.28 in 14-point Times New Roman.

Dated: May 6, 2022                              _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that four (4) true and correct copies of the foregoing were sent via Federal Express on May 6, 2022 to the clerk of the Court and the same was served upon counsel of record for Appellees via electronic mail on May 6, 2022 at:

lpaterno@akimgump.com
brafkin@akingump.com

_____