## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

LARRY KLAYMAN,

Plaintiff,

v.

JULIA PORTER, HAMILTON FOX, III,
MATTHEW KAISER

Defendants.

Civil Action No. 9:22-cv-80642-XXXX

*Removed from:*

THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN
AND FOR PALM BEACH COUNTY,
FLORIDA

CASE NO. 50-2022- CA002797XXXXMB

### DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION TO REMAND

Julia Porter, Hamilton Fox, III, and Matthew Kaiser ("Defendants"), while preserving and without waiving their right to file a Response to Plaintiff's Motion to Remand, hereby move for an order striking Plaintiff's Motion to Remand (Dkt. No. 10).   This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.

On April 25, 2022, Defendants timely removed the case to this Court based on diversity jurisdiction.  The present case is a duplicate of the lawsuit this Court transferred to the U.S. District Court for the District of Columbia just one month ago after denying Plaintiff's motion to remand the case to Florida state court.  *See* Order at 2, *Klayman v. Porter*, No. 22-cv-80270 (S.D. Fla. Mar. 25, 2022).  Evidently dissatisfied with the transfer, Plaintiff refiled the instant case, which is in essence the same suit against the same Defendants, again in Florida state court.

On April 27, 2022, Plaintiff filed a notice of intent to file a motion to remand and represented to the Court and Defendants that Plaintiff would file a Motion to Remand "on or before May 25, 2022." Pl. Notice of Intent to File Mot. to Remand and Mot. to Stay Defs' Mot. to Dismiss and Mot. to Consolidate at 1, Dkt. No. 6 (hereinafter "Plaintiff's Notice").  On May 27, 2022 – past the thirty-day period provided under 28 U.S.C. § 1447(c) and after the date Plaintiff

represented to the Court that he would file a remand motion – Plaintiff filed his Motion to Remand. Mot. to Remand, Dkt. No. 10; *see also* 28 U.S.C. § 1447(c).[1]

Plaintiff should not be allowed to benefit from his non-compliance with the filing requirements and the deadline set forth *by Plaintiff* in Plaintiff's Notice. Accordingly, Plaintiff's Motion to Remand should be struck as untimely.

**CONCLUSION**

For the foregoing reasons, this Court should strike Plaintiff's Motion to Remand.

Dated: May 31, 2022                                  Respectfully submitted,

                                                             */s/ Brian Rafkin*
                                                             Brian Rafkin
                                                             Florida Bar No. 59422
                                                             AKIN GUMP STRAUSS HAUER & FELD
                                                             2001 K Street NW
                                                             Washington, DC 2006
                                                             T: 202.887.4158
                                                             F: 202.887.4288
                                                             brafkin@akingump.com

                                                             *Attorney for Defendants Julia Porter, Hamilton Fox, III, and Matthew Kaiser*

---

[1] Noticeably absent from Plaintiff's Motion to Remand is any substantive challenge to Subject Matter Jurisdiction of this Court. The Court previously found in Plaintiff's substantively identical complaint, that it was "common sense" that the actual amount in controversy satisfied the requirements for diversity jurisdiction and Plaintiff provides no new arguments to the contrary. Order at 4, *Klayman v. Porter*, No. 22-cv-80270 (S.D. Fla. Mar. 25, 2022). Plaintiff is a citizen of Florida and is completely diverse from Defendants. Defendant Porter is a citizen of the Commonwealth of Virginia, Defendant Fox is a citizen of the District of Columbia, and Defendant Kaiser is a citizen of the State of Maryland. Compl. ¶¶ 3–6. Based on each party's citizenship and Defendants showing that the amount in controversy has been satisfied, Diversity Jurisdiction exists and this Court has Subject Matter Jurisdiction. Thus, the only challenge available to Plaintiff was the procedural propriety of Defendants' removal of this case to federal court, which must be raised within 30 days of the filing of a notice of removal. 28 U.S.C. § 1447(c).

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on May 31, 2022, a true and correct copy of the foregoing was

served via U.S. Mail, postage prepaid to *pro se* Plaintiff Larry Klayman:

Larry Klayman
7050 W. Palmetto Park Road
Boca Raton, FL 33433
leklayman@gmail.com

/s/ *Brian Rafkin*
Brian Rafkin