IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LARRY KLAYMAN<br><br>                 Plaintiff,<br><br>v.<br><br>JULIA PORTER et al,<br><br>                 Defendants. | Case Number: 9:22-cv-80642-AHS |

**OPPOSITION TO DEFENDANTS' MOTION TO STRIKE MOTION TO REMAND AND CROSS MOTION FOR SANCTIONS**

Plaintiff, Larry Klayman. ("Mr. Klayman") hereby submits the following in opposition to Defendants' Motion to Strike Plaintiff's Motion to Remand, which is both patently meritless and frivolous.

There is no denying that Mr. Klayman has moved to remand on the basis that the Court lacks subject-matter jurisdiction over this case, since the amount in controversy requirement under 28 U.S.C. § 1332 has not been met since Mr. Klayman did not seek damages at all, only injunctive relief.. Pursuant to the express language of 28 U.S.C. § 1447(c):

> A motion to remand the case on the basis of any defect **other than lack of subject matter jurisdiction** must be made within 30 days after the filing of the notice of removal under section 1446(a). **If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded**. (emphasis added).

Thus, it is clear that the 30-day deadline to file a motion to remand does not apply when the motion is being made pursuant to a lack of subject matter jurisdiction. Mr. Klayman waited until May 27, 2022 to file his Motion to Remand because he was awaiting action from the Eleventh Circuit in *Klayman v. Porter et al*, 22-10981-AA. This appeal was dismissed by the

1

Eleventh Circuit on May 27, 2022 not on the merits, but because the issue was not ripe for appeal. On the same day, Mr. Klayman moved to remand this case, so there was no bad faith delay.

Based on the foregoing, the Defendants' patently frivolous motion to strike must be denied, as their motion contravenes the express language of 28 U.S.C. § 1447(c). And, since Mr. Klayman has clearly shown that the Court lacks subject matter jurisdiction over this case, it must then expeditiously remand this case to the Fifteenth Judicial Circuit so that this matter may proceed without any further delay and sanction the Defendants for their patently frivolous, meritless, and bad faith removal.

Dated:  May 31, 2022                                      Respectfully submitted,

/s/ Larry Klayman

Larry Klayman, Esq.
7050 W. Palmetto Park Road
Boca Raton, FL  33433
Tel.:  561-558-5536
Email:  leklayman@gmail.com

*Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on May 31, 2022.

/s/ Larry Klayman