UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80642-CIV-SINGHAL

LARRY KLAYMAN,

    Plaintiff,

v.

JULIA PORTER, HAMILTON FOX, III, and
MATTHEW KAISER,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Remand (DE [10]), Defendants' Motion to Strike Motion to Remand (DE [11]), and Plaintiff's Cross Motion for Sanctions for improper removal (DE [13]).

This is Plaintiff's third attempt to bring his claims in Florida courts. The first case, *Klayman v. Porter, et al.,* Case No. 22-80003-CIV-Marra (S.D. Fla.) ("*Klayman I*") was filed in state court and removed by Defendants. Plaintiff voluntarily dismissed *Klayman I* without prejudice three days after it was removed.

Plaintiff again filed suit in state court and Defendants again removed to this Court. *Klayman v. Porter, et al.,* Case No. 22-80270-CIV-Singhal (S.D. Fla.) ("*Klayman II*"). Plaintiff sought to remand *Klayman II* on the ground that his demand for $74,999.99 did not meet the statutory threshold amount for federal jurisdiction, but the Court rejected that argument and denied the Motion to Remand. (*Klayman II,* DE [16]). The Court then granted Defendants' Motion to Transfer and transferred *Klayman II* to the United States District Court for the District of Columbia, (*Klayman II,* DE [15]) where Plaintiff is prosecuting three separate actions against these Defendants. (*Klayman II,* DE [1], Ex. 1).

Plaintiff thrice filed suit in state court and Defendants thrice removed to this Court, ("*Klayman III*"), where the current motions are pending.  Plaintiff argues that the Court lacks jurisdiction[1] over this case because the Complaint seeks only injunctive relief and, therefore, the amount in controversy is either zero or completely speculative.  For the reasons discussed in the Order denying Plaintiff's motion to remand in *Klayman II,* the Court finds that a common sense reading of the Complaint establishes that the amount in controversy satisfies the statutory threshold. *South Florida Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1316 (11th Cir. 2014) ("[Plaintiff's] speculation argument is itself too speculative.").  The case was properly removed and this Court has jurisdiction over the Complaint.[2]  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (DE [10]) is **DENIED;** Defendants' Motion to Strike (DE [11]) is **DENIED;** and Plaintiff's Cross Motion for Sanctions (DE [13]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 27th day of June 2022.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

---

[1] Plaintiff's Motion to Remand (DE [10]) alleges lack of jurisdiction.  The 30-day limit for moving to remand contained in 28 U.S.C. § 1447(c) is, therefore, inapplicable. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[2] Plaintiff also requests that this case be transferred to another judge because of a Judicial Counsel complaint he filed against the undersigned. "The mere filing of a complaint of judicial misconduct is not grounds for recusal…. [I]t would be detrimental to the judicial system if a judge had to disqualify himself anytime someone filed a complaint about his conduct. A party would only have to file a complaint to get a different judge." *In re Evergreen Sec., Ltd.,* 570 F.3d 1257, 1265 (11th Cir. 2009). "[T]he mere existence of a complaint of judicial misconduct does not create an appearance of impropriety." *Id.*