UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80642-CIV-SINGHAL

LARRY KLAYMAN,

     Plaintiff,

v.

JULIA PORTER, *et al.*,

     Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss or, in the Alternative, Motion to Stay Pending Resolution of First-Filed Case in Florida. (DE [5]). For the reasons discussed below, Defendants' Motion is granted and this case is dismissed.

This is Plaintiff's third appearance in this Court and his seventh complaint against these Defendants.[1] *See* Motion (DE [5], pp. 9-13). In each case, Plaintiff seeks to collaterally attack ongoing disciplinary proceedings by the Office of Disciplinary Counsel of the District of Columbia Bar, claiming they are politically motivated. Defendants are officials of the District of Columbia bar who are involved in the disciplinary proceedings.

In March 2022, this Court transferred Case No. 22-80270-CIV, which named the same Defendants, to the District of Columbia District Court to be consolidated with the other lawsuits[2] filed by Plaintiff against these Defendants. Shortly after the case was transferred to the District of Columbia, Plaintiff filed the present action in the Palm Beach

---

[1] Plaintiff voluntarily dismissed the third action is this Court. *See Klayman v. Porter,* Case No. 22-80003-CIV-KAM.

[2] Courts in Texas and California have also transferred nearly identical claims to the District of Columbia.

County Circuit Court.    Defendants removed the case and the Court denied Plaintiff's Motion to Remand. (DE [18]).

Defendants raise multiple grounds for dismissal of the present case.  The Court concludes that this case is barred by the claim splitting doctrine and, therefore, will not address the other grounds for dismissal.

"The claim splitting doctrine applies where a second suit has been filed before the first suit has reached a final judgment." *Vanover v. NCO Financial Services, Inc.,* 857 F.3d 833, 840 (11th Cir. 2017).  It "ensures that a plaintiff may not split up his demand and prosecute it piecemeal, or present only a portion of the grounds upon which relief is sought and leave the rest to be presented in a second suit, if the first fails." *Id.* at 841 (cleaned up). The two-factor test recognized by the Eleventh Circuit requires the court to analyze "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Id.* at 841-42.

The present case involves both the same parties and arises from the same transaction or series of transactions as the previously filed case.  Although the Complaint only seeks injunctive relief, it involves the same alleged wrongdoing as the previous case. Plaintiff acknowledges as much by describing the present case as arising from "Defendants' continued pattern and practice of unethical, illegal and unconstitutional conduct aimed at removing him from the practice of law by curtailing and ultimately silencing his conservative/libertarian private and public interest advocacy." Pltf's Response (DE [19], p. 15).

Plaintiff argues the claim splitting doctrine does not apply because the Complaint in this case refers to an October 21, 2021, letter from Defendant Porter about new investigations which was not referred to in the earlier case.  Plaintiff's attempt to parse

out this letter as a separate transaction fails because the investigation referred to is simply

part of the same series of investigations that gave rise to the harms allegedly suffered by

Plaintiff.  Further, the October 21, 2021, letter pre-dated the filing of Plaintiff's first Florida

action; Plaintiff's attempt to split his related claims into separate lawsuits is precisely what

the claim splitting doctrine is intended to avoid. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss is **GRANTED.**

The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending

motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 8th day of

August 2022.

 

 

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF